# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT W. PEEPLES | § | |
| VS | § | 5:12cv66 |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Plaintiff first acknowledges that the Magistrate Judge's opinion discusses Plaintiff's entire medical history from 2003 through the hearing, totaling over 1100 pages of records. Plaintiff's objections focus on whether he meets the requirements of Listing 1.02. According to Plaintiff, the records show he has suffered back pain for over ten years, and his back is continuing to deteriorate. Plaintiff asserts he has tried physical therapy multiple times, as well as epidural steroid injections and nerve blocks, but they only provide temporary relief. Plaintiff contends his pain and medications interfere with his concentration, and he also suffers from anxiety and depression related to his chronic pain. Plaintiff asserts the ALJ erred in failing to properly address the side effects of his medications, lack of concentration due to chronic pain, and

his other non-exertional limitations. Finally, Plaintiff argues he has demonstrated that he cannot ambulate effectively without the use of a cane. Specifically, Plaintiff asserts he walks with a cane for balance, as noted by Dr. Sarrett, and his use of a cane is causing problems with his right hand due to a prior reconstruction surgery. According to Plaintiff, the combination of these impairments prohibit work at the light exertional level.

To meet Listing 1.02, a claimant must show he had major dysfunction of a joint characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). *See* 20 C.F.R. pt. 404, supt. P., app. 1, § 1.02. Additionally, a claimant must show either involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in the inability to ambulate effectively, or involvement of one major peripheral joint in each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand), resulting in an inability to perform fine and gross movements effectively. *See id.* at §§ 1.02A, 1.02B. Examples of ineffective ambulation include the inability to walk without an assistive device, and the inability to carry out routine ambulatory activities, among others. *See id.* at § 1.00B2b.

The Court agrees with the Magistrate Judge that Plaintiff has failed to show an inability to ambulate effectively. As noted by the Magistrate Judge, the medical records do not support such a finding. Although Plaintiff asserts his treating physician, Dr. Sarrett, noted in his records that Plaintiff uses the cane for balance due to falls, Dr. Sarrett also noted in a December 15, 2010 office visit that Plaintiff had a normal gait and posture (Tr. 1044). Plaintiff testified at the hearing the cane was not actually prescribed but stated its use was an agreement between him and his primary

physician (Tr. 44). In an October 16, 2009 report, Dr. Pierce Nunley noted Plaintiff ambulated without difficulty and without assistance. Plaintiff has not established difficulty effectively ambulating.

The Magistrate Judge also correctly held the ALJ properly assessed Plaintiff's non-exertional limitations. (Report and Recommendation at pgs. 43-45). Specifically, the evidence of record shows that Plaintiff did not experience significant work-related limitations from his alleged anxiety and depression. As noted by the Magistrate Judge, the ALJ properly considered Plaintiff's allegations of pain and rendered a proper credibility assessment.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 15th day of August, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE